IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ALLEN MAZURAK,

    Plaintiff,                    No. CIV S-03-2114 GEB GGH P

    vs.

CA. DEPT. OF JUSTICE,[1] et al.,

    Defendants.              ORDER

                            /

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel further production of documents and for Rule 11 sanctions, filed on December 27, 2004, to which defendants filed an opposition on January 20, 2005; plaintiff's reply was filed on February 2, 2005. Plaintiff submitted supplemental documentation on February 22, 2005. Plaintiff's request for a telephonic status conference and his request for oral argument are denied.

\\\\\

\\\\\

---

[1] Notwithstanding the case caption, the California Department of Justice has been dismissed with prejudice as a defendant in this action. See, Order, filed on January 20, 2004.

Complaint

The court borrows its summary of the underlying complaint from a prior order, filed on September 8, 2004, with any modifications/omissions bracketed:

> Plaintiff is proceeding on a complaint, transferred to this court from U. S. District Court of Arizona by order filed on September 23, 2003, and filed in this court on October 7, 2003. The complaint has been modified by order filed on January 20, 2004, adopting the November 20, 2003, findings and recommendations of the undersigned.[] This action proceeds against defendants Bill Lockyer, Attorney General of California at the state Department of Justice (DOJ), and Robert Santos, Assistant Manager of the California Bureau of Criminal Identification and Information (BCII). Within his complaint, plaintiff alleges violations of his constitutional rights under the First, Fifth, Sixth and Fourteenth Amendments. Complaint, p. 4. Plaintiff alleges he has been denied a fair trial and due process as a result of "erroneous government documents." Id.
>
> Plaintiff claims that it is the custom and practice of the DOJ to report to public and law enforcement agencies erroneous information, knowing that the criminal records' information is not accurate. Id. []Defendant Lockyer was made personally aware by plaintiff that BCII was reporting felony convictions against plaintiff in cases that had been dismissed.... such as "arrests dated 1966, 1967, 1969, 1973, 1968," which also includes arrests wherein plaintiff is actually innocent. Plaintiff's next reference to the years 1977, 1985, and 1988 is unclear. Id. Notwithstanding plaintiff's having informed defendant Lockyer of the inaccuracies, defendant failed to purge them from plaintiff's criminal history. Id.
>
> Defendant Santos was also made aware of the erroneous records but refused to correct them. Id. Plaintiff references exhibits attached to his complaint, which include print-out copies of at least a part of plaintiff's criminal history, with plaintiff's indications of which convictions have apparently been dismissed but are not noted as such. Exhibit 1 to Complaint. Plaintiff also includes a brief portion of a reporter's transcript, which is apparently included to show that plaintiff's sentence has been enhanced because of his prior arrests and convictions. Among the remaining exhibits is a copy of [a] letter dated October 14, 2001, signed by defendant Santos, referencing plaintiff's earlier request for a new printout of his California criminal history record because "no changes have been made to your criminal history record regarding the dates of arrest you have mentioned." Id. Defendant Santos goes on to say that there has been no agency request or court order that would change the record that has been received and that in any case, the purging by a law enforcement agency or court would have no

      bearing on the records maintained by BCII unless a direct request is
made to BCII by the relevant agency to remove the specific
criminal history information from the record.  Id.

    Plaintiff seeks money damages and injunctive relief.

See Order, filed on September 8, 2004, pp. 1-3.

Background

    On September 8, 2004, this court, in an order denying defendants' March 1, 2004 motion for a more definite statement and granting in part and denying in part plaintiff's first motion to compel discovery, filed June 25, 2004, directed defendants to provide a further response and production with respect to plaintiff's requests nos. 2 and 3 within 20 days.  These requests included:

    2. [Every] source report, memorandum, court order, file, log, note, law enforcement reports, government agency reports, judgments, fingerprint cards, for [every] entry which is in your custody, or your agents' (law enforcement agencies) control, certified, secured or authored by any person which may concern plaintiff's criminal history records kept by BCII, and/or any material events occurring subsequent to the events that are the subject matter which is the basis of this litigation.

and

    3. [Every] policy that governs the collection, distribution of plaintiff's criminal history records.

Motion

    Plaintiff contends in the pending motion to compel further production that defendants have failed to comply fully with the court's September 8, 2004 order to provide further production with respect to his requests for production nos. 2 and 3.  Specifically, plaintiff states that defendants 1) failed to provide the statutes that were in force when the alleged crimes occurred or case law interpreting those statutes; 2) failed to aver that fingerprint copies provided were copies of originals currently on file with BCII; 3) did not provide copies of court orders, other than for November 26, 1968, re: seal and destroy court records for all BCII entries dated before January 1, 1990; 4) did not provide copies of warrants issued by Kern County courts upon law enforcement agencies (plaintiff, however, appears to also allege that no such warrants

exist); 5) did not provide a manual which explains BCII symbols and notations, such as diagonal lines and x's across documents, the star of David with an "s" in the center, etc. Motion, p. 1-2.

Plaintiff argues that Exhibit 2 of defendants' production establishes the existence at some point of seal and destroy orders of records corresponding to BCII entries dated 2/23/67, 6/19/73, and 9/14/75. Motion, p. 1 and Exhibit 2. Plaintiff further alleges that BCII ignored the fact that four of his arrests "in this district" resulted in findings by the state that "'no crimes'" had been committed and that in 1990 BCII failed to seal and destroy records pursuant to a grant of petitions brought pursuant to Cal. Penal Code § 851.8. Motion, pp. 1-2.

With respect to Exhibit 3, plaintiff contends that Exhibits 3(b) through 3(e) are defective because there are no useable prints, the social security numbers do not match each other and none of them belong to plaintiff, the physical descriptions do not match: eye color is variously identified as blue and brown; hair is brown on 9/28/90 but white on 12/20/90. Motion, p. 2. Copies of invalid documents are provided that are not, or should not be, part of plaintiff's criminal history, and supporting documents are not provided for BCII entries in Exhibit 3(b) through 3(g). Plaintiff includes a declaration wherein he swears that on October 12 and 26, 2004, he sent letters to defendants' counsel requesting the information he seeks herein but had not received any response prior to filing this motion.

In addition to further production, plaintiff asks the court to impose sanctions on defendants in the amount of approximately $70,000 ($10,000 from each defendant and $60,000 from defendant's counsel) for having filed an untimely answer and for failure to comply fully with the court's prior order with respect to production of documents.

Opposition

Defendants' counsel opposes plaintiff's motion on the grounds that he has provided the further production as directed by this court and that he has provided more information informally in response to plaintiff's letters. In further response to request no. 2 (see, supra), defendants responded:

4

> Accompanying this further response are copies from BCII's file number 8809 on John Allen Mazurak, which copies are divided into two sections: Exhibit 1 contains documents which "concern" plaintiff's criminal history records kept by BCII;[] and Exhibit 2 contains source documents for plaintiff's criminal history as recorded by BCII. The defendants have not included correspondence between plaintiff and Robert Santos as plaintiff is already in possession of the same.
>
> Plaintiff is advised that, if he contends that he is not the person identified in any of the source documents, or there is some other inaccuracy or incompleteness in a source document, he should follow the procedure set forth in Penal Code section 11126.

Opp., p. 2.

> In further response to request no. 3, (supra), defendants responded: The BCII's collection, recordation, and distribution procedures are set by California Penal Code sections 11105 and 11120 through 11127, CA Penal Code section 1203.4 covers expungment of criminal records, although plaintiff should note that a dismissed or expunged prior conviction can still be pled and proved in a subsequent criminal prosecution as if the prior conviction had never been dismissed or expunged, and such a prior is, therefore, properly maintained on plaintiff's rap sheet. Copies of the aforementioned code sections accompany this further response as Exhibit 3.

Opp, pp. 2-3.

Defendants aver they have produced documents in accordance with their response, although it is unclear to this court exactly what the totality of the actual production constituted as the exhibits produced as part of plaintiff's motion appear to be only part of what was produced by defendants, but defendants did not submit any additional documentation that may have been produced to the court.

Defendants assert that on December 22, 2004, after plaintiff filed his motion, but before they received a copy of it on December 30, 2004, and in response to his letters of October 12 and October 25, 2004[2] (which neither party has submitted), they supplied plaintiff with a second further response to request no. 3, which is set forth in the opposition, producing to

---

[2] Plaintiff dates the second letter as having been sent on October 26, 2004.

1 plaintiff a copy of the following code sections and amendment histories, Cal. Penal Code §§
2 851.8, 1203, 1203.4, 1203.45, 11105, 11120 through 11127 and of Cal. Welf. & Inst. Code §§
3 781 and 1172. Opp., pp. 3-5. In addition, defendants set forth a brief summary of the history of
4 each statute and refer plaintiff to the location of the texts of any amendments in the copies
5 provided. Opp., pp. 3-4.

6 Defendants represent in their opposition that they intend to work with plaintiff to
7 resolve the issues he raises by the end of this past January. Opp., p. 6.

8 Reply

9 Plaintiff, in his February 2, 2005 reply, makes no reference to any resolution but,
10 instead, asserts again that he seeks contemporaneous versions of the relevant statutes to entries
11 dated 1966 through 1969, 1973, 1975, 1985 and 1988 and that defendants have only sent current
12 versions. Reply, p. 1. He also contends that defendants have failed to produce BCII policy
13 manuals regarding what documents are required to establish a criminal history summary entry
14 and what documentation must be present to authenticate and validate an entry. Id., p. 2.

15 Plaintiff continues to allege that he has not been provided the source
16 documentation BCII has in support of certain unspecified entries and states that he has complied
17 with the provisions Cal. Penal Code § 11126 (which sets forth the procedures for correcting the
18 state department of justice's record) which was suggested by defendants in their initial further
19 response for any issues plaintiff had with the accuracy of his criminal history, but that BCII has
20 failed to do their part in response. Reply, p. 3.

21 Plaintiff claims that BCII's criminal history summaries are broadcast worldwide
22 and purport to be accurate, thus, defendants should be able to provide him with all the supporting
23 documentation for those entries. Reply, p. 4.

24 In a later filing, plaintiff provides a supplement which is apparently a copy of a
25 law enforcement report for an 11/29/85 arrest, which he insists proves his innocence.
26 Supplemental documentation, filed February 22, 2005. The exhibit appears to be a copy of  a

police report indicating that plaintiff was suspected of having removed a circuit breaker from the electrical system of a tenant who apparently was late in a rental payment to plaintiff. Plaintiff argues even if this occurred it would not be a crime pursuant to Cal. Penal Code § 591 because the fuse box was not owned by a utility; he also contends he was not present on the dates at issue in the report. However, this is wholly irrelevant in the context of this discovery motion. This court cannot draw the same conclusion plaintiff has based on any information provided thus far, nor is this motion the appropriate context in which to raise any such issue. When the merits of his claims are adjudicated, plaintiff should pinpoint the entries at issue and may seek to demonstrate how the documentation fails to support those entries but no purpose is served by filing piecemeal information unconnected to any particular entry and certainly not as part of this motion.

Discussion

Defendants are correct that this court's prior order does not require them to become a law library for plaintiff. Opp., p. 5. All the order required on this point, in light of the fact that Arizona apparently does not provide their state prison inmates out-of-state legal material, was production to plaintiff of "the sections under the California Penal Code or any other statute or code which governs the collection, distribution or dissemination of plaintiff's criminal history records." Order, filed on September 8, 2004, pp. 7-8. Defendants represent that they have produced to plaintiff the relevant provisions and have indicated to plaintiff when and how such statutes were amended, so that plaintiff should be able to discern the applicable language for the relevant time periods. In response to his request no. 3, defendants are not required to produce case law interpreting those statutes for the time periods plaintiff seeks, even assuming the existence of such case law.

Plaintiff's protestations that so much of the material provided to him by defendants is inaccurate or otherwise defective, while defendants warrant that they have provided the material responsive to his request and have worked to provide additional material through

7

1 informal means, cannot be resolved in this motion to compel further production, if, in fact, the
2 material provided by defendants is all that they have in response to his requests. Plaintiff appears
3 to be losing sight of the forest for the trees. If plaintiff can show that there is a paucity of
4 information to support the BCII entries, that such information is inaccurate, or that such entries
5 are not supported by any of the documentation to which they have access, plaintiff has gone some
6 way to being able to support the allegations of his complaint on the merits. In any case,
7 defendants appear to have made a good faith effort to respond this court's prior order and no
8 further documentation in response to plaintiff's previously adjudicated requests will be directed.
9 As defendants note, plaintiff is free to propound interrogatories and additional, more narrowly
10 tailored production requests, if he believes there remains further information to which he requires
11 access that has not yet been forthcoming. Plaintiff's motion for further production will be
12 denied, as will his motion for sanctions.

13    Accordingly, IT IS ORDERED that:

14    1. Plaintiff's January 18, 2005 request for a telephonic status conference and
15 February 2, 2005 request for oral argument are both denied;

16    2. Plaintiff's December 27, 2004 motion to compel further production and his
17 motion for sanctions is denied.

18 DATED: 5/13/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
mazu2114.mtc2