IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ALLEN MAZURAK,

      Plaintiff,                       No. CIV S-03-2114 GEB GGH P

    vs.

CA. DEPT OF JUSTICE, et al.,

      Defendants.            <u>ORDER</u>

_____/

        On August 22, 2005, plaintiff filed a "motion for extension of time, and reset schedualing [sic] order...." and a "motion to keep proceeding & pleading confidential." These documents were not served on defendants. Plaintiff is advised that every document submitted to the court for consideration must be served on defendants. Fed. R. Civ. P. 5. Documents not to be served electronically are usually served by placing a copy in the U.S. mail. If an attorney has filed a document with the court on behalf of any defendants, then documents submitted by plaintiff must be served on that attorney and not on the defendants. Every document submitted conventionally to the court (e.g., by a prisoner proceeding pro se) must include a certificate stating the date an accurate copy of the document was mailed to defendants or their attorney and the address to which it was mailed. <u>See</u> Local Rule 5-135(b) and (c).

/////

1

1  The basis of plaintiff's request for an extension of time to re-set the scheduling
2  order is to allow plaintiff to file a motion to compel discovery because defendants failed to
3  respond to plaintiff's second set of discovery requests which were due by August 11, 2005,
4  according to plaintiff.  Plaintiff alleges that he needs more time because he believes he is
5  required to meet and confer (in the form of a letter to defendants) prior to filing a motion to
6  compel discovery.  In the first place, as noted, plaintiff has failed to file an appropriate certificate
7  of service; in the second place, even when all parties proceed with counsel, there is no
8  requirement for a joint statement re: discovery disagreement prior to filing a motion to compel
9  where "there has been a complete and total failure to respond to a discovery request...." Local
10 Rule 37-251(e)(1).  In the third place, plaintiff pro se is not subject to the provisions of Local
11 Rule 37-251, absent order of the court, prior to filing any motion to compel, which order the
12 court has not made.  <u>See</u>, <u>Order</u> filed on December 2, 2004.  Finally, notwithstanding plaintiff's
13 failure to demonstrate service of his request for an extension of time, defendants' counsel filed a
14 response, noting the absence of a proof of service accompanying plaintiff's motion but
15 demonstrating that he did receive the request.  Defendants' counsel avers, in the August 24, 2005
16 declaration he submitted, that he served plaintiff with responses to the requests at issue and
17 without objections by mail and by facsimile on August 18, 2005.  Therefore, as to plaintiff's
18 motion for an extension of time for the purpose of filing a motion to compel discovery, the court
19 will reach that request and deny it as moot since defendants have acknowledged receipt of that
20 motion and have provided a substantive response.
21  As to plaintiff's "motion to keep proceedings and pleading confidential," that
22 motion will be denied without prejudice, plaintiff having failed to show proper service.
23  Accordingly, IT IS ORDERED that:
24  1. Plaintiff's motion for an extension of time and to reset the scheduling order,
25 docketed as filed on August 22, 2005, is denied as moot;
26  2. Plaintiff's "motion to keep proceedings and pleading confidential," also

1 docketed as filed on August 22, 2005, is denied without prejudice, for plaintiff's failure to have
2 demonstrated proper service of the motion.  Plaintiff is cautioned that failure to properly serve
3 any documents subsequently filed in this action, and failure to include a proper certificate of
4 service with such filing, may result in a recommendation that this action be dismissed.
5 DATED:   9/7/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
mazu2114.35